UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| RAE LINN PEIFFER<br>Plaintiff,<br><br>v.<br><br>CBM SERVICES, INC.<br>Defendant. | Case No.:<br>Hon. |
|---|---|

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred in Clinton County, Michigan ("here"), Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Rae Linn Peiffer is a natural person who at all relevant times resided in Clinton County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant CBM Credit Services (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. On information and belief, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon a debt for

      medical services provided to her that allegedly went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff's alleged debt was consigned, placed or otherwise transferred to defendant for collection from plaintiff.

8. Plaintiff paid the bill for medical services prior to her next appointment with the same medical services provider, by that time, however, defendant had been transferred the debt.

9. Defendant made calls and sent letters to plaintiff to collect the debt in the last year and after plaintiff had already paid the original creditor.

10. Plaintiff, upon receipt of calls or letters, informed defendant that the debt had already been paid to the original creditor.

11. Despite plaintiff's representations, Defendant still continued to attempt to collect the debt that had been paid.

12. Plaintiff, worried about damage to her credit, reluctantly paid some of the debt to defendant to stop the phone calls that were incessant.

13. Defendant reported the debt to at least one credit reporting agency.

14. Plaintiff called the original creditor and told them that defendant was continuing to collect the debt that had already been paid.

15. The medical provider told plaintiff that it could not contact defendant for some mysterious reason.

16. Defendant finally relented and refunded monies to plaintiff.

17. Plaintiff was not personally liable for the debt that defendant asserted was owed.

## CAUSES OF ACTION
### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. Defendant violated 15 U.S.C. § 1692e(10) because it made a false representation or used deceptive means to collect or attempt to collect a debt by furnishing false information about plaintiff to a credit bureau.

21. Defendant violated 15 U.S.C. § 1692e(10) because it made a false representation or used deceptive means to collect or attempt to collect a debt by representing to plaintiff that she still owed and was personally liable on the debt even though it had already been paid in full.

22. As a result of the act, Plaintiff suffered credit damage and humiliation and indignation.

23. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

### TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 23, 2014

*/s/ Andrew L. Campbell*

Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff